817 A.2d 964

RIVER SYSTEMS, INC., PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, DEFENDANT–RESPONDENT.

RUBACHEM INTERNATIONAL, LTD., PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, DEFENDANT RESPONDENT.

RUBACHEM, INC., PLAINTIFF–APPELLANT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 3, 2003—Decided March 14, 2003.

Before Judges HAVEY, WELLS and PAYNE.

*Gary J. Hoagland,* argued the cause for appellants (*Hoagland, Longo, Moran, Dunst & Doukas,* attorneys; *Mr. Hoagland,* of counsel and on the brief).

*Carol Johnston,* Deputy Attorney General, argued the cause for respondent (*David Samson,* Attorney General, attorney; *Patrick DeAlmeida,* Deputy Attorney General, of counsel; *Ms. Johnston,* on the brief).

PER CURIAM.

Under *N.J.S.A.* 54:10A–6, a New Jersey corporation that maintains a regular place of business outside New Jersey may allocate a portion of its income away from New Jersey in computing income taxable under the New Jersey Corporate Business Tax Act, *N.J.S.A.* 54:10A–1 to –4. Plaintiffs, River Systems, Inc.,

Rubachem International, Ltd. and Rubachem, Inc., filed separate complaints in the Tax Court challenging a determination by the Department of the Treasury, Division of Taxation, denying plaintiffs' application for refunds based on an allocation of some income to the State of New York predicated on sales solicited in New City, New York. General Litesearch, Inc., which has offices in New City, has owners in common with plaintiffs, sells light bulbs to plaintiffs, and engages in telemarketing activity and administrative services from its offices on plaintiff's behalf. The facilities in which General Litesearch engages in its activities are owned by Lemar Investment Company, also owned in common by plaintiffs owners.

Plaintiffs' complaints were consolidated in the Tax Court and heard on motions and cross-motions for summary judgment. Judge Joseph C. Small granted summary judgment in defendant's favor.

On appeal, plaintiffs assert that the judge erred because: (1) they maintain a regular place of business outside New Jersey and are thus entitled to utilize the business formula of *N.J.S.A.* 54:10A–6 to determine which portions of their income are to be used in measuring corporate business tax due; (2) even if they do not maintain a regular place of business outside New Jersey, they are entitled to the application of the three-factor allocation formula of *N.J.S.A.* 54:10A–6 through *N.J.S.A.* 54:10A–8; and (3) genuine issues of material fact exist precluding the grant of summary judgment in favor of defendant.

We affirm substantially for the reasons expressed by Judge Small, whose opinion is reported at 19 *N.J.Tax* 599 (Tax 2001).

Affirmed.